[No. A116847. First Dist., Div. One. Dec. 23, 2008.]

ANTHONY MARIN et al., Plaintiffs and Appellants, v.
COSTCO WHOLESALE CORPORATION, Defendant and Appellant.

[No. A118116. First Dist., Div. One. Dec. 23, 2008.]

ANTHONY MARIN et al., Plaintiffs and Respondents, v.
COSTCO WHOLESALE CORPORATION, Defendant and Appellant.

## COUNSEL

Law Office of Daniel U. Smith, Daniel U. Smith; Schneider Wallace Cottrell Brayton Konecky, Todd M. Schneider, Joshua Konecky and W. H. Willson IV for Plaintiffs and Appellants and for Plaintiffs and Respondents.

Seyfarth Shaw, Kenwood C. Youmans, David D. Kadue, Aaron R. Lubeley and Daniel J. Fazio for Defendant and Appellant.

OPINION

**MARCHIANO, P. J.**—This case concerns the lawfulness of defendant Costco Wholesale Corporation's formula for computing overtime compensation on semiannual bonuses paid to hourly employees. The trial court determined that defendant's bonus overtime formula for the class of employees who qualify for the maximum base bonus (plaintiffs) violates California law, and ordered use of a different formula. We conclude that defendant's formula violates neither California nor federal law, and reverse the judgment with directions to enter judgment for defendant.

## I. BACKGROUND

### A. *The Base Bonus*

Costco pays a formulaic bonus, based on paid hours, to long-term hourly employees. To be eligible for the bonus, paid in April and October, these employees must (1) have been paid a specified number of hours for continuous service—8,000 hours (approximately four years) for those hired before March 15, 2004, and 9,200 hours (approximately 4.6 years) for those hired after that date; (2) generally be at the top of their pay scale; and (3) have been employed by defendant on April 1 for the April bonus and October 1 for the October bonus. The maximum semiannual base bonus amount is $2,000 for those with less than 10 years of service, $2,500 for those with 10 to 14 years of service, $3,000 for those with 15 to 19 years of service, and $3,500 for those with 20 or more years of service.

To qualify for the maximum base bonus, the employee must have been paid for at least 1,000 hours in the six-month periods preceding April 1 and October 1.[1] Bonuses are prorated for those paid for less than 1,000 hours; the formula for the base bonus is thus: hours paid up to 1,000 ÷ 1,000 x maximum bonus amount.

### B. *Overtime on the Bonus*

Under California law, plaintiffs are entitled to "no less than one and one-half times the regular rate of pay" for work in excess of eight hours in one workday. (Lab. Code, § 510, subd. (a); see Cal. Code Regs., tit. 8, § 11070, subd. 3(A)(1)(a) [wage order No. 7-2001].)[2] In this respect,

---

[1] Employees who regularly work 32 hours a week plus six hours on Sunday are paid the maximum base bonus if they were paid at least 950 hours in the six-month period. Separate calculations for employees in this category are not required.

[2] Equal or additional overtime is owed for work over other time periods (e.g., time and one-half pay for more than 40 hours of work in a week, double time pay for more than 12 hours of

California law is more protective of workers than the federal "fluctuating workweek" law, which requires one and one-half time overtime compensation only after an employee works more than 40 hours in a workweek. (See *Skyline Homes, Inc v. Department of Industrial Relations* (1985) 165 Cal.App.3d 239, 247–248 [211 Cal.Rptr. 792] (*Skyline*) [contrasting the fluctuating workweek standard and California's eight-hour day limitation]; see generally *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 592 [94 Cal.Rptr.2d 3, 995 P.2d 139] (*Morillion*) [state law may afford employees greater protection]; 29 U.S.C. § 218(a) [same].)

Because the nondiscretionary bonus at issue here increases the regular rate of pay, employees who worked overtime during the bonus period and were paid at 1.5 times their hourly rate (unaugmented by the bonus) during that time are entitled to additional overtime pay once the bonus is awarded. The federal regulation on the subject addresses weekly rather than daily overtime, but usefully explains the need for additional, retroactive overtime pay upon receipt of a bonus earned over an extended period of time:

"*General rules.* Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked. Under many bonus plans, however, calculations of the bonus may necessarily be deferred over a period of time longer than a workweek. In such a case the employer may disregard the bonus in computing the regular hourly rate until such time as the amount of the bonus can be ascertained. Until that is done he may pay compensation for overtime at one and one-half times the hourly rate paid [to] the employee, exclusive of the bonus. When the amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week." (29 C.F.R. § 778.209(a) (2008).)

C.  *The Parties' Competing Formulas*

Defendant calculated the overtime owed on the bonus by dividing the employee's maximum base bonus by the minimum number of paid hours

work in a day (Lab. Code, § 510, subd. (a))), but the further examples are irrelevant for purposes of this appeal. References in this opinion to time and one-half overtime pay should be taken to subsume double time pay when it is owed.

required to achieve that maximum bonus (1,000) to determine a regular hourly bonus rate, and then by multiplying the number of overtime hours worked during the bonus period by one-half of that regular bonus rate. Plaintiffs contend that defendant was required to calculate the regular bonus rate by dividing the base bonus the employee earned by the number of straight time hours worked during the bonus period, and then multiply the number of overtime hours by 1.5 times that regular bonus rate.

For example, under defendant's formula, an employee who achieves a maximum base bonus of $2,500 by virtue of being paid for 840 straight time hours, 100 overtime hours, and 100 vacation hours during the bonus period is entitled to $125 of overtime pay on the bonus, calculated as follows: $2,500 (maximum base bonus) ÷ 1,000 (paid hours required for maximum base bonus) = $2.50 (regular hourly bonus rate) x 100 (overtime hours) x 0.5 = $125. Under plaintiffs' formula, the same employee would receive $477 overtime on the bonus: $2,500 (base bonus earned) ÷ 840 (straight time hours worked) = $2.98 (regular bonus rate) x 100 (overtime hours) x 1.5 = $447.

## D. *Trial Court Proceedings*

The case commenced in April 2004 with the filing of a complaint by plaintiff Anthony Marin, an hourly employee of defendant from October 1989 to February 2004, alleging Labor Code violations and unfair business practices (Bus. & Prof. Code, § 17200). The first amended complaint filed in June 2004 identified the class as hourly employees of defendant who were eligible for the bonus on or after four years prior to the filing of the suit. The parties filed motions for summary judgment or summary adjudication, which were denied in December 2004.

Based on calculations that need not be reproduced here, the court concluded that defendant's bonus plan complied with California law when an employee worked less than 1,000 hours in a bonus period. In that situation, the "hourly [overtime] rate of pay" under defendant's formula was consistently 1.5 times the regular rate of pay, while plaintiffs' formula improperly counted overtime "once in the calculation of the [base bonus] and again in the calculation of [overtime on the bonus]." The court found that defendant's plan violated California law when an employee worked more than 1,000 hours because defendant's formula paid the employee "for only 1/3 of the bonus overtime due" on hours worked beyond 1,000. However, the court was not persuaded at that point that plaintiffs' formula was correct because it produced an "[overtime] rate that fluctuates with the amount of hours worked."

Defendant then moved for summary judgment or adjudication on the ground that Marin had never worked more than 1,000 hours in any relevant

bonus period. In response, Marin noted that bonuses are awarded under defendant's plan based on hours paid, including vacation and sick time, as well as hours worked, and asserted that he had reached the 1,000-paid-hour threshold in some bonus periods. The court granted summary adjudication against Marin on all causes of action on the ground that he had not worked more than 1,000 hours in a bonus period, but granted his request to add a new plaintiff who had standing to prosecute the claims he alleged. Marin was granted leave to file a second amended complaint that added three new named plaintiffs, and changed the class definitions to encompass a "Subclass A" confined to hourly employees who had worked more than 1,000 hours in a bonus period, and a "Subclass B" confined to those who had been paid for more than 1,000 hours in a bonus period even though they worked less than 1,000 hours in the period. The Subclass B definition was later amended by the court to simply include those paid for more than 1,000 hours in a bonus period. Plaintiffs then moved for summary judgment or adjudication, and defendant moved for summary adjudication of the Subclass B claims; defendant did not dispute that it was liable to Subclass A under the court's December 2004 ruling.

In its ruling on the motions, the court concluded that use of plaintiffs' formula to compute the bonus overtime owed to both subclasses was compelled by the decision in *Skyline, supra*, 165 Cal.App.3d 239, and sections of the Division of Labor Standards Enforcement's (DLSE) 2002 Enforcement Policies and Interpretations Manual (Manual) distinguishing "flat sum" bonuses (Manual, § 49.2.4.2) from bonuses "based on a percentage of production or some formula other than a flat amount" (Manual, § 49.2.4). The court provided calculations showing that overtime on the bonus increased under both sides' formulas as the amount of overtime work increased, and that the increases were larger under plaintiffs' formula.[3]

The court conceded that its conclusion yielded "what might appear to be irrational results. For example, two employees who work different amount[s] of straight time work but the same amount of overtime will have different hourly rates for purposes of calculating overtime and must be paid different

---

[3] In the case of an employee who earned a $2,500 bonus for 1,040 paid hours consisting of 790 straight time hours, 150 overtime hours, and 100 vacation hours, plaintiffs' formula yielded $711 overtime on the bonus ($2,500/790 = $3.16 hour regular bonus rate; $3.16 x 150 hours x 1.5), while defendant's formula yielded $187.50 ($2,500/1,000 = $2.50 hour regular bonus rate; $2.50 x 150 hours x 0.5). In the case of an employee whose 1,040 paid hours consisted of 740 straight time hours, 200 overtime hours, and 100 vacation hours, plaintiffs' formula yielded $1,014 overtime on the bonus ($2,500/740 = $3.38 hour regular bonus rate; $3.38 x 200 hours x 1.5), while defendant's formula yielded $250 ($2,500/1,000 = $2.50 hour regular bonus rate; $2.50 x 200 hours x 0.5).

amounts of overtime pay." However, the court felt it could not "presume[] a consistent and rational world," and "simply applie[d] California law as it [found] it."

The court granted both subclasses summary adjudication on the issue of liability on causes of action concerning the correct formula, and on the cause of action under the unfair competition law. It granted defendant summary adjudication on a cause of action for waiting time penalties, observing that "[t]he law is sparse regarding how an employer is to calculate overtime when awarding bonuses," and finding that, "given the paucity of California authority in this area and contrary Federal authority, there are substantial grounds for differences of opinion."

The parties filed a joint statement setting forth their positions on issues of damages and injunctive relief. The parties agreed that, under the court's prior rulings, the regular rate for both subclasses would be determined by dividing the maximum base bonus by the number of straight time hours worked, but disagreed as to the overtime hours by which the regular rate would be multiplied. Plaintiffs argued that all overtime hours worked during the bonus period should be counted; defendant argued that only the overtime hours worked up to the 1,000-paid-hour threshold should be used.

The court entered judgment requiring defendant to pay bonus overtime according to plaintiffs' formula, but only on the overtime hours worked up to the 1,000-paid-hour threshold. The judgment awarded prejudgment interest for amounts owed from four years before the suit was filed. The money judgment for plaintiffs totaled $5,303,656.

E. *Appeals*

Defendant has appealed, and plaintiffs have cross-appealed, from the judgment (A116847). Defendant has also appealed from the subsequent order granting plaintiffs' motion for attorney fees and costs (A118116). The appeals have been consolidated for briefing and decision. Defendant advances no argument on the merits of the attorney fee ruling; consequently, the fee order stands or falls with the judgment.

## II. DISCUSSION

A. *Issues and Scope of Review*

Defendant contends that the trial court erred in (1) concluding that its bonus plan violated California law; (2) deciding that the Subclass B claims related back to the filing of the original complaint for purposes of the statute

of limitations; and (3) allowing prejudgment interest on the unfair competition law claim, and thus awarding interest for a period beginning four years, rather than three, before commencement of the case. Plaintiffs argue that the court erred in denying them bonus overtime on overtime hours worked after they reached the 1,000-paid-hour threshold in a bonus period. The issues are questions of law arising from undisputed facts and are subject to our independent review. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1354 [104 Cal.Rptr.2d 183].)

### B. *Whether the Bonus Plan Violates California Law*

As we have noted, the trial court relied on *Skyline, supra*, 165 Cal.App.3d 239, and the Manual in concluding that the bonus plan violated California law.

*Skyline* concerned the proper method for computing overtime owed to employees who were guaranteed a fixed minimum salary, worked variable hours, and were being paid overtime compensation under the federal fluctuating workweek method only for hours worked in excess of 40 hours in a workweek. The DLSE interpreted California's stricter standard for overtime compensation—overtime owed for working more than eight hours per day, not only for working more than 40 hours per week—to mandate the use of a formula different from the one the employer was using for overtime compensation.

Under the employer's formula, the regular rate of pay was the weekly salary divided by the hours worked in a week. That regular rate was then multiplied by the number of overtime hours worked (in excess of 40 hours in the week) and 0.5—the salary being "treated as compensation at the straight time regular rate for all hours worked" (*Skyline, supra*, 165 Cal.App.3d at p. 245)—to fix the overtime compensation. "Under this method the more hours an employee works overtime, the lower the 'regular rate' becomes." (*Ibid.*)

Under the DLSE's interpretation, the regular rate of pay was the weekly salary divided by 40—the salary being "considered straight time compensation for the employee's 'regular' hours, i.e., nonovertime hours of no more than 40 in a week." (*Skyline, supra*, 165 Cal.App.3d at p. 245.) That regular rate was multiplied by the number of overtime hours worked in the week (in excess of eight hours per day, as well as 40 hours in the week), and 1.5 to fix the overtime compensation. This formula was "[c]learly . . . more compatible with the intent" of California's overtime scheme. (*Id.* at p. 249.)

The court illustrated the benefit of the DLSE's method with reference to an employee with a weekly salary of $350 who worked 12 hours Monday, eight

hours Tuesday, nine hours Wednesday, and 10 hours Friday, for a total of 39 hours for the week. Under the employer's formula the employee was entitled to no overtime compensation because he or she "failed to exceed 40 hours in the week." (*Skyline, supra*, 165 Cal.App.3d at p. 248.) But under the DLSE interpretation the employee—who had worked overtime under California's standard (more than eight hours in a day)—was entitled to overtime compensation for seven hours (four hours on Monday, one hour on Wednesday, and two hours on Friday) at "time and one-half." (*Skyline, supra*, 165 Cal.App.3d at p. 249.)[4]

*Skyline* rejected the argument that the DLSE interpretation was a regulation and as such was invalid because it had not been adopted in accordance with the requirements of the Administrative Procedure Act (APA) (Gov. Code, § 11340 et seq.). (*Skyline, supra*, 165 Cal.App.3d at p. 253.) That conclusion was disapproved in *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 573 [59 Cal.Rptr.2d 186, 927 P.2d 296] (*Tidewater*), which held that "[t]he policy for calculating overtime pay at issue in *Skyline Homes* was a regulation within the meaning of the APA because it was a standard of general application interpreting the law the DLSE enforced and because it was not merely a restatement of prior agency decisions or advice letters."

*Skyline* also rejected the argument that the DLSE interpretation violated equal protection because it "applies to salaried employees and does not apply to employees working on a commission, piece rate or other wage basis. . . . [T]he method of computing overtime compensation for employees other than salaried employees is not before us. . . . There has been no showing that those employees are similarly situated to salaried employees." (*Skyline, supra*, 165 Cal.App.3d at p. 254.) The formula *Skyline* adopted for salaried employees has been codified in Labor Code section 515, subdivision (d), which provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

We find *Skyline* inapplicable here for a number of reasons. First, as noted, *Skyline*'s analysis was confined to salaried employees, and the specific problem of calculating a regular rate of pay when such employees work variable hours. Second, *Skyline* did not address bonuses in any respect. Third, *Skyline* dealt with an employer that was failing to pay overtime to employees who worked more than eight hours in a day, which is not the case here.

---

[4] The court misstated the amount of the overtime compensation, although the mistake appears for the most part to have been a typographical error. The court identified the time and one-half rate as $13.12, which would have produced overtime compensation of $91.84 for the seven hours, not the $21.84 amount the court stated. The figure we come up with is $91.88 ($350/40 x 7 x 1.5), based on a time and one-half rate of $13.125.

Fourth, *Skyline* dealt with a formula that encouraged imposition of overtime because each overtime hour worked reduced the regular rate of pay and with it the cost of overtime hours to the employer. Defendant's bonus plan does not encourage overtime like the employer's formula in *Skyline* because the regular rate attributable to the bonus remains constant under the plan (maximum base bonus ÷ 1,000 [minimum paid hours needed to earn the maximum base bonus]) regardless of the number of hours worked.

Apart from *Skyline*, the only authorities applied by the trial court in reaching its decision were sections of the Manual. In the court's view, the central issue was whether defendant's bonus plan "is in the nature of a production or formula bonus or is in the nature of a flat sum bonus. Overtime on a production or formula bonus is calculated under DLSE manual 49.2.4 and 49.2.4.1 whereas overtime on a flat sum bonus is calculated under DLSE manual 49.2.4.2 and 49.2.4.3." The court found that "as applied to persons who are paid for 1,000 or more hours in a bonus period, Costco's bonus plan is in the nature of a lump sum bonus because the bonus amount does not change depending on the hours worked, the goods sold, or any other factor."

Manual section 49.2.4, "Computing Regular Rate and Overtime on a Bonus," states: "When a bonus is based on a percentage of production or some formula other than a flat amount and can be computed and paid with the wages for the pay period to which the bonus is applicable, overtime on the bonus must be paid at the same time as the other earnings for the week, or no later than the payday for the next regular payroll period. (See Labor Code § 204[.]) Since the bonus was earned during straight time as well as overtime hours, the overtime 'premium' on the bonus is half-time or full-time (for double time hours) on the regular bonus rate. The regular bonus rate is found by dividing the bonus by the total hours worked during the period to which the bonus applies. The total hours worked for this purpose will be all hours, including overtime hours."

Manual section 49.2.4.1, "Example Involving Overtime and Bonus," states: "First, find the overtime due on the regular hourly rate, computing for salaried worker[s] and piece workers as described in the sections above. Then, separately, compute overtime due on the bonus: find the regular bonus rate by dividing the bonus by the total hours worked throughout the period in which the bonus was earned. The employee will be entitled to an additional half of the regular bonus rate for each time and one-half hour worked and to an additional full amount of the bonus rate for each double time hour, if any.

"Regular hourly rate of pay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10.00
"Total hours worked in workweek = 52
"Total overtime hours at time and one-half = 12
"Overtime due on regular hourly rate = 12 x $15.00 . . . . . . . . . . . . . . $180.00
"Bonus attributable to the workweek . . . . . . . . . . . . . . . . . . . . . . . . $138.00
"Regular bonus rate = $138.00 ÷ 52 = $2.6538 ÷ 2 = $1.33 x 12 Overtime
    Hours . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $15.92
"Total earnings due for the workweek:
"Straight time: 40 hours @ $10.00 . . . . . . . . . . . . . . . . . . . . . . . . . $400.00
"Overtime: 12 hours @ $15.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . $180.00
"Bonus. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $138.00
"Overtime on Bonus. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $15.92
"Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $733.92"

Manual section 49.2.4.2 states: "If the bonus is a flat sum, such as $300 for continuing to the end of the season, or $5.00 for each day worked, the regular bonus rate is determined by dividing the bonus by the maximum legal regular hours worked during the period to which the bonus applies. This is so because the bonus is not designed to be an incentive for increased production for each hour of work; but, instead is designed to insure that the employee remain[s] in the employ of the employer. To allow this bonus to be calculated by dividing by the total (instead of the straight time hours) would encourage, rather than discourage, the use of overtime. Thus, a premium based on bonus is required for each overtime hour during the period in order to comply with public policy."

Manual section 49.2.4.3 provides a sample "flat sum" bonus calculation for a $300.00 bonus "for remaining to the end of the season paid to a piece-worker who worked 640 regular hours, 116 time and one-half overtime hours and 12 double time hours:

"Bonus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $300.00
"Regular Bonus rate = $300.00 divided by 640 . . . . . . . . . . . . . . . . . . $0.469
"[1.5] x regular bonus rate = [1.5] x $0.469. . . . . . . . . . . . . . . . . . . . $0.703
"Double regular bonus rate = 2 x $0.469 . . . . . . . . . . . . . . . . . . . . . . $0.938
"Overtime due on bonus for time and one-half hours = $0.703 x 116 . . . . $81.56
"Overtime due on bonus for double time hours = $0.938 x 12 . . . . . . . . . $11.25
"Bonus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $300.00
"Overtime on bonus. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $92.81
"Total due on bonus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $392.81"

■ Defendant argues that section 49.2.4.2 of the Manual governing "flat sum" bonuses, which the trial court felt bound to follow even though it produced "irrational results" when applied to defendant's bonus plan, is a void regulation under the reasoning of *Tidewater*. We agree. (See, e.g., *Church v. Jamison* (2006) 143 Cal.App.4th 1568, 1579 [50 Cal.Rptr.3d 166] [giving "no weight" to a section of the current Manual].) Like the DLSE interpretation at issue in *Skyline*, Manual section 49.2.4.2 is "a standard of general application interpreting the law the DLSE enforce[s]," and "not merely a restatement of prior agency decisions or advice letters." (*Tidewater, supra*, 14 Cal.4th at p. 573.)[5] Our conclusion is supported by section 1.1.6.1 of the Manual, which states that if the source of the interpretation is a statute, regulation, court decision, opinion letter, or "Administrative Decision" or "Precedent Decision" of the Labor Commissioner, that source will be identified in the Manual. No such sources are mentioned in section 49.2.4.2. The only source cited for the flat sum bonus rule is "public policy." Accordingly, section 49.2.4.2 does not have the force of law.

The DLSE has issued two opinion letters on the subject of bonus overtime, which are not subject to the rulemaking provisions of the APA (*Morillion, supra*, 22 Cal.4th at p. 584; *Tidewater, supra*, 14 Cal.4th at p. 571), but may provide guidance in similar subsequent cases (*Tidewater*, at p. 571; *Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805, 815 [105 Cal.Rptr.2d 59]). The DLSE did not cite these letters in the Manual, the parties give little weight to these letters in their arguments, and the letters are inconclusive for our purposes.[6]

■ In sum, no California court decision, statute, or regulation governs bonus overtime, the Manual sections on the subject do not have the force of law, and the DLSE opinion letters on the subject are not on point. Thus, there is no controlling California authority apart from the directive that overtime hours be compensated at a rate of no less than one and one-half times the regular rate of pay. (Lab. Code, § 510, subd. (a).) In deciding whether

---

[5] Government Code section 11342.600 defines a "regulation" as "every rule, regulation, order, or standard of general application . . . adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure." An agency regulation that has been adopted without complying with the requirements of the APA (Gov. Code, § 11340 et seq.) is invalid.

[6] California Department of Industrial Relations, DLSE State Labor Commissioner Lloyd W. Aubry, Jr., opinion letter No. 1988.07.14 (July 14, 1988), responded to an inquiry regarding a bonus paid on a monthly basis. While the formula set forth in this opinion letter is essentially the one defendant used here, the nature of the bonus—production versus flat sum—is not apparent from the letter. California Department of Industrial Relations, DLSE Chief Counsel H. Thomas Cadell, Jr., opinion letter No. 1991.03.06, Calculation of Regular Rate of Pay (Mar. 6, 1991), page 1, responded to a question regarding the regular rate of pay for "sporadic incentive bonus payments made to employees for the performance of work ancillary to their primary duties," and defendant's bonus does not fit that description.

defendant's bonus plan fulfills that directive, we are persuaded that the Manual provisions for overtime on production bonuses set forth a valid formula. (See *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 563 [67 Cal.Rptr.3d 468, 169 P.3d 889] [court may adopt a DLSE statutory interpretation embodied in a void regulation if it independently determines that the interpretation is correct].) We conclude that defendant's plan is consistent with that formula, and thus that the plan does not violate California law.

Defendant's bonus does not fit neatly into either of the categories the DLSE has posited: bonuses for a "flat sum, such as $300 for continuing to the end of the season, or $5.00 for each day worked" (Manual, § 49.2.4.2) and bonuses earned each payday "based on a percentage of production or some formula other than a flat amount" (Manual, § 49.2.4). While defendant's bonus functions as a "production" bonus up to the 1,000-hour threshold for the maximum base bonus, it is paid at "the end of the season" like a flat sum bonus, and has some of the characteristics of a "flat sum" bonus on hours exceeding 1,000. The bonus is thus, in some sense, a hybrid of the DLSE categories, but it functions for the most part like a production bonus, and need not be treated as a flat sum bonus to effectuate the DLSE's policy concerns as we now explain.

The bonus for the first 1,000 hours is essentially a bonus based on hours worked, i.e., the bonus increases with every worked hour.[7] Although the bonus is not based on productivity, it is akin to a production bonus where each hour increases output and consequently increases the bonus, and is unlike a flat sum bonus that stays the same no matter how many hours are worked. Therefore, as one commentator has observed, overtime on a bonus based on hours worked should be calculated in the same manner as overtime on a bonus based on production, under the formula set forth in section 49.2.4 of the Manual. (1 Wilcox, Cal. Employment Law (2008) Overtime Compensation, § 3.09[1][b], p. 3-129.)

The Manual section 49.2.4 formula (bonus ÷ total number of hours worked = regular bonus rate; regular bonus rate x 0.5 = overtime on the bonus) is essentially the one that defendant uses. For simplicity, defendant describes the regular bonus rate as the maximum base bonus divided by the minimum number of hours required to obtain that base bonus (1,000), but it could just as well have equated the regular bonus rate with the amount of the base bonus awarded divided by the total number of hours worked because the number will be the same under either formulation. Since the bonus is prorated

---

[7] Plaintiffs acknowledged below that employees who "are paid for less than 1,000 hours in the bonus period . . . receive a pro-rata bonus, which in fact increases with additional hours of work."

if less than 1,000 hours are worked, the regular bonus rate remains the same and will always equal the base bonus divided by the total hours worked as provided in section 49.2.4, for all hours up to 1,000.[8]

The DLSE has not addressed a bonus based on hours paid rather than hours worked—a generous feature of defendant's bonus plan that makes it even more difficult to classify under the Manual—but the section 49.2.4 formula is just as appropriate for a bonus based on hours paid as one based on hours worked up to the 1,000-hour threshold because, like each hour worked, each hour paid but not worked increases the bonus. Total hours paid but not worked, as well as total hours worked, can properly be included in the divisor when setting the regular rate because they have all contributed to the bonus. Thus, all of the reasoning in the preceding paragraph, which assumed a bonus based on hours worked, applies equally to defendant's bonus based on hours paid.

Further, the 0.5 multiplier that is applied to the regular rate under section 49.2.4 is the proper multiplier to use in setting the bonus overtime owed on hours worked up to the 1,000-hour threshold, because the employee is compensated by the base bonus for the straight time component of the overtime wage.[9] As the trial court recognized with regard to hours up to 1,000, the 0.5 multiplier correctly produces an hourly overtime rate of pay that is 1.5 times the hourly regular rate of pay, and plaintiffs' 1.5 multiplier is a form of double counting (straight time component of the bonus x (straight time component + overtime component)).

As to hours paid after the 1,000-hour threshold, defendant's bonus functions like a flat sum bonus to the extent that those hours do not add to the amount of the bonus. Beyond the 1,000-hour mark, straight time hours and paid but not worked hours do not contribute to the bonus, and overtime hours augment the bonus at only 0.5, not 1.5, times the regular bonus rate.[10] The flat sum bonus formula set forth in sections 49.2.4.2 and 49.2.4.3 of the Manual, which uses a divisor of straight time, instead of total hours worked

---

[8] For example, as shown in some of the calculations set forth above, where an employee can earn a $2,500 maximum base bonus by working 1,000 hours, the regular bonus rate equals $2.50. For an employee who works 800 hours and receives a prorated base bonus of $2,000 (800 hours worked ÷ 1,000 x $2,500 maximum bonus amount), the regular bonus rate remains $2.50 under the section 49.2.4 formula ($2,000 bonus ÷ 800 hours worked). Thus, the 1,000-hour divisor is not an "arbitrary" number, as plaintiffs repeatedly claimed at oral argument in the appeal.

[9] Plaintiffs admitted below that "when the bonus increases with each extra hour of work . . . the increase in the underlying bonus amount accounts for the straight-time component of the overtime wage."

[10] The judgment eliminated the plan's 0.5 bonus compensation on post-1,000 overtime hours in response to defendant's argument that if the plan was going to be treated as a flat sum

to set the regular bonus rate, and a multiplier of 1.5, rather than 0.5, to fix the bonus overtime due, produces "a premium based on bonus" that the DLSE believes is necessary to avoid encouraging the use of overtime. Thus, unless defendant's plan encourages imposition of overtime on employees who have achieved the maximum base bonus,[11] there is no rationale for a "premium" bonus overtime payment to those employees, even on their post-1,000 overtime hours.

Plaintiffs contend that the plan encourages overtime after 1,000 hours because the additional compensation for overtime worked after that threshold is calculated at 0.5 times rather than 1.5 times the regular bonus rate. In plaintiffs' view, defendant's plan thereby "frustrates the public policy of discouraging overtime" because it "employ[s] a method that reduces its overtime liability by two-thirds." Stated another way, plaintiffs submit that the plan encourages overtime because "the effect of [defendant's] policy is to make it less expensive for the company to require overtime labor— approximately $5,303,656 less expensive for the class of employees at issue here." The problem with these arguments is that they presume the conclusion they are designed to reach, namely that plaintiffs' formula is appropriate. If that formula is not appropriate, defendant is not reaping any advantage by not following it.

In fact, defendant's plan does not encourage imposition of overtime; it would at most affect how overtime is allocated among the employees. For overtime hours up to the 1,000-hour threshold, defendant pays 1.5 times the hourly wage plus 1.5 times the base bonus; for overtime hours thereafter, defendant pays 1.5 times the hourly wage plus 0.5 times the base bonus. Overtime hours after the 1,000-hour threshold are thus more expensive for defendant than if the bonus did not exist, they are just relatively less expensive than overtime hours during the first 1,000 hours, when the overtime hours are increasing the base bonus. Therefore, as plaintiffs' counsel observed at one point below, the plan could theoretically, as between employees who are eligible for the same base bonus, encourage imposition of overtime on those who have reached 1,000 paid hours because those hours cost defendant relatively less. But the plan likewise could be viewed as encouraging imposition of overtime on employees who are eligible for no bonus or for the lowest base bonus because they are relatively less expensive to employ; and there has been no suggestion that defendant's plan "encourages overtime" because it distinguishes between employees based on their

---

bonus, then it should not have to pay any additional bonus on overtime hours after 1,000 as it had been doing. The court thus lopped a limb off the plan trying to fit it into a procrustean bed of a flat sum bonus.

[11] No empirical evidence, such as a meaningful sampling of representative employees' overtime hours, appears in our appellate record.

seniority. For these reasons, we find no justification for use of the flat sum premium multiplier of 1.5, rather than defendant's multiplier of 0.5, to calculate the bonus overtime due on overtime hours worked after the 1,000 mark under defendant's plan.

Nor is it apparent why a regular rate determined with the flat sum premium divisor of straight time hours only is necessary to discourage defendant from imposing overtime after the 1,000-hour threshold is reached. In the case of a true flat sum bonus where the employee cannot earn any additional bonus by working overtime hours, excluding such hours from the divisor prevents them from diluting the regular rate. Including those hours would give the employer an incentive to impose overtime because the additional overtime would reduce the cost of overtime by decreasing the regular rate—part of the situation addressed in the *Skyline* case. That incentive does not exist with defendant's plan because the regular rate under the plan does not vary with the hours worked.

To recapitulate, defendant's bonus is in the nature of a production bonus until the 1,000-paid-hour threshold is reached, and while the bonus has some qualities of a flat sum bonus on hours paid thereafter, it does not encourage imposition of overtime during the post-1,000-hour period in a way that would support the use of the DLSE's flat sum bonus formula even as to overtime worked during that period.

We note, finally, that even if defendant's bonus plan had features after the 1,000th hour that could have warranted use of the flat sum formula, it was a fallacy to conclude, as the trial court did here, that what had been a production bonus for the first 999 hours was transformed into a flat sum bonus at hour 1,000 such that employees with 1,000 or more hours were deemed to have received flat sum rather than production bonuses. What was entirely a production-like bonus for employees with 999 hours or less remained *mostly* a production-like bonus for employees with 1,000 or more hours.

The trial court recognized that its contrary conclusion produced "irrational results," which include substantially different bonuses for similarly situated employees. For example, two employees eligible for a maximum base bonus of $2,500 who both work 100 overtime hours would receive very different bonus amounts when one of them works 900 straight time hours, and the other 899. The first employee qualifies for the maximum base bonus by working the extra hour and receives overtime on the bonus of $416.67 ($2,500 ÷ 900 = $2.77 x 100 x 1.5), while the second employee receives bonus overtime of $125 ($2,500 ÷ 1,000 = $2.50 x 100 x 0.5). We find nothing in California law that dictates such inherent disparity.

## C. *Whether the Bonus Plan Violates Federal Law*

Title 29 Code of Federal Regulations part 778.209(b) (2008), provides: "*Allocation of bonus where bonus earnings cannot be identified with particular workweeks*. If it is impossible to allocate the bonus among the workweeks of the period in proportion to the amount of the bonus actually earned each week, some other reasonable and equitable method of allocation must be adopted. For example, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each week of the period to which the bonus relates, and if the facts support this assumption additional compensation for each overtime week of the period may be computed and paid in an amount equal to one-half of the average hourly increase in pay resulting from bonus allocated to the week, multiplied by the number of statutory overtime hours worked in that week. Or, if there are facts which make it inappropriate to assume equal bonus earnings for each workweek, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each hour of the pay period and the resultant hourly increase may be determined by dividing the total bonus by the number of hours worked by the employee during the period for which it is paid. The additional compensation due for the overtime workweeks in the period may then be computed by multiplying the total number of statutory overtime hours worked in each such workweek during the period by one-half this hourly increase."

Defendant takes the position that this regulation authorizes its bonus overtime formula because its bonus is not "identified with particular workweeks," and the formula is "reasonable and equitable." The regulation appears to be addressing the federal fluctuating workweek overtime law insofar as it focuses on the allocation of a bonus payment to particular workweeks, but while the regulation may not be directly on point, it is generally supportive of defendant's formula insofar as it contemplates an overtime-hour multiplier of 0.5, rather than 1.5, to compute the bonus overtime.

Nothing in the regulation, in any event, *prohibits* defendant's method of calculating bonus overtime. Plaintiffs note that the regulation, like the DLSE formula for production bonuses, refers to a divisor consisting of the number of hours worked rather than the number of hours paid, but an hours-worked divisor is consistent with defendant's hours-paid divisor as previously explained with respect to the DLSE formula. Accordingly, there is no merit to plaintiffs' claim that defendant's formula violates federal law.[12]

---

[12] In view of our conclusion that defendant is entitled to judgment on the issue of liability, we need not reach the other issues raised by the parties involving damages.

## III.  DISPOSITION

Because neither law, nor logic, nor policy support the judgment, it is reversed with directions to enter judgment for defendant. The order awarding attorney fees and costs to plaintiffs is reversed. Defendant is awarded costs in appeal A116847; the parties will bear their own costs that are solely allocable to appeal A118116.

Swager, J., and Margulies, J., concurred.

A petition for a rehearing was denied January 21, 2009, and the opinion was modified to read as printed above. The petition of plaintiffs and appellants for review by the Supreme Court was denied April 1, 2009, S170223. Kennard, J., did not participate therein.